UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST OF WESTERN WASHINGTON,<br><br>Plaintiffs,<br>v.<br><br>UNIVERSAL BUILDING SYSTEMS, LLC, a Washington limited liability company; and BRANDON LORENZ, an individual,<br><br>Defendants. | Cause No. 18-cv-989<br><br>COMPLAINT FOR MONETARY DAMAGES |

## I. PARTIES

1.1   Plaintiff Carpenters Health and Security Trust of Western Washington ("Carpenters Health Trust") is a Taft-Hartley trust fund established to provide and maintain hospital, medical, dental, vision, disability or death benefits and any other similar benefits, or any combination thereof as the Trustees may determine in their discretion for the benefit

COMPLAINT FOR MONETARY DAMAGES – 1
18-cv-989

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 019 te251903

of the Employees and their beneficiaries. The Carpenters Health Trust maintains its principal office in Seattle, King County, Washington.

1.2   Plaintiff Carpenters Retirement Trust of Western Washington ("Carpenters Retirement Trust") is a Taft-Hartley trust fund created to provide retirement and associated death benefits for employees and their beneficiaries. The Carpenters Retirement Trust maintains its principal office in Seattle, King County, Washington.

1.3   Plaintiff Carpenters-Employers Vacation Trust of Western Washington ("Carpenters Vacation Trust") is a Taft-Hartley trust fund created to provide vacation benefits for employees. The Carpenters Vacation Trust maintains its principal office in Seattle, King County, Washington.

1.4   Plaintiff Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington ("Carpenters Apprenticeship Trust") is a Taft-Hartley trust fund created to defray, in whole or in part, costs of apprenticeship or other training programs for the education of apprentices and journeymen carpenters. The Carpenters Apprenticeship Trust maintains its principal office in Seattle, King County, Washington.

1.5   The Plaintiffs are commonly referred to collectively as the Carpenters Trusts of Western Washington (the "Carpenters Trusts").

1.6   Defendant Universal Building Systems, LLC ("Universal Building") is a Washington limited liability company with its principal place of business in Tukwila, King County, Washington.

1.7   Defendant Brandon Lorenz is an individual believed to be residing in Ravensdale, King County, Washington. Mr. Lorenz is the sole member/governor of Universal Building and is the company's registered agent.

COMPLAINT FOR MONETARY DAMAGES – 2
18-cv-989

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 019 te251903

## II. JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction over the First, Second, and Third Causes of Action pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1). This Court has supplemental jurisdiction over the Fourth Cause of Action pursuant to 28 U.S.C. §1367.

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

## III. FACTS

3.1     On October 17, 2016, Ken Lorenz, identifying himself as "Director of Operations," executed two Project Agreements on behalf of Universal Building with the Pacific Northwest Regional Council of Carpenters (the "Union"). The Project Agreements incorporate by reference the terms and conditions of the *2015 – 2018 Agreement between Associated General Contractors of Washington and Carpenters, Piledrivers, and Millwrights of the Pacific Northwest Regional Council of Carpenters affiliate of the United Brotherhood of Carpenters and Joiners of America*, effective June 1, 2015 (the "Master Labor Agreement"):

> 1. DESIGNATED LABOR AGREEMENT: The employer adopts and agrees to abide by the following Labor Agreement:
>
> ☒ Western & Central WA Master Labor Agreement Rep by: AGC of Western WA Effective: 6/1/15 to 5/31/18.

3.2     By signing the Project Agreements, Universal Building agreed to make fringe benefit contributions to the Carpenters Trusts and be bound by the terms and conditions of their respective trust agreements:

COMPLAINT FOR MONETARY DAMAGES – 3
18-cv-989

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 019 te251903

> 6. TRUST FUND OBLIGATIONS: The undersigned Employer hereby becomes a party to the applicable Trust Agreements for the trust funds or their successors identified in the designated Labor Agreement. The Employer agrees to be bound by the written provisions and procedures of said Trust Agreements, and any present or future amendments, and to any successor Trust Agreements. Employer accepts as its lawful representatives, the employer trustees who are now or who may hereafter serve on the Board of Trustees of the respective Trusts as determined by the Trust Agreements.

3.3    Prompt payment of wages and fringe benefit contributions is an essential term of the Project Agreements.

3.4    The Carpenters Trusts are beneficiaries under the terms of the Project Agreements and the Master Labor Agreement.

3.5    By executing the Project Agreements, as discussed above, Universal Building agreed to the terms of the (i) Carpenters Health & Security Trust of Western Washington; (ii) Carpenters Retirement Trust of Western Washington; (iii) Carpenters-Employers Vacation Trust of Western Washington; and (iv) Carpenters-Employers Apprenticeship and Training Trust of Western Washington.

3.6    Universal Building's obligations under the Carpenters Health Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Health and Security Trust of Western Washington*, dated January 1, 1998, and as amended. Under the Carpenters Health Trust, Universal Building agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

COMPLAINT FOR MONETARY DAMAGES – 4
18-cv-989

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 019 te251903

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;
- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and
- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.7 Universal Building's obligations under the Carpenters Retirement Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Retirement Trust of Western Washington*, dated January 1, 1998, and as amended. Under the Carpenters Retirement Trust, Universal Building agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;
- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;
- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;
- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and
- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8 Universal Building's obligations under the Carpenters Vacation Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Vacation Trust of Western Washington*, dated January 1, 1998, and as amended. Under the Carpenters Vacation Trust, Universal Building agreed to, among other things:

COMPLAINT FOR MONETARY DAMAGES – 5
18-cv-989

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 019 te251903

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9     Universal Building's obligations under the Carpenters Apprenticeship Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington*, dated January 1, 1998, and as amended.  Under the Carpenters Apprenticeship Trust, Universal Building agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

COMPLAINT FOR MONETARY DAMAGES – 6
18-cv-989

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 019 te251903

3.10    Upon information and belief, following execution of the Project Agreements, Universal Building used employees to perform work on each of the designated projects subject to the Master Labor Agreement. Universal Building also began its monthly reporting and payment of fringe benefit contributions to the Carpenters Trusts.

3.11    Universal Building submitted its monthly contributions reports to the Carpenters Trusts. However, Universal Building did not provide full payment of its reported fringe benefit contributions.

3.12    As of the date of this complaint, Universal Building owes the Carpenters Trusts $53,009.69 in fringe benefit contributions for the period March 1, 2017 through April 30, 2017, $5,792.20 in liquidated damages, plus additional amounts for ancillary charges including prejudgment interest, attorney fees, and costs of collection.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.12, above.

4.2    Universal Building's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Project Agreements and the Master Labor Agreement between the Union and Universal Building, to which the Carpenters Trusts are beneficiaries. Universal Building's failure to fully pay fringe benefit contributions it reported also constitutes breaches of the Trust Agreements, the terms of which Universal Building agreed to when it signed the Project Agreements.

COMPLAINT FOR MONETARY DAMAGES – 7
18-cv-989

1700 019 te251903

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.3   As a result of Universal Building's breach, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $58,801.89, plus other ancillary charges including prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4   The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.12, above.

4.5   Universal Building' failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6   As a result of Universal Building' violation, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $58,801.89, plus other ancillary charges including prejudgment interest, attorney fees, and costs of collection.

### Third Cause of Action
### (Breach of Fiduciary Duty)

4.7   The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.12, above.

4.8   Defendant Brandon Lorenz is responsible for Universal Building's reporting and payment of fringe benefit contributions to the Carpenters Trusts.

4.9   Defendant Lorenz, for purposes of ERISA, is a fiduciary of trust fund assets, because he exerted control over employee deductions withheld for payment to the Carpenters Trusts.

4.10   Defendant Lorenz has failed to turn over trust fund assets, consisting of $3,139.50 in employees' vacation pay to the Carpenters Trusts, despite demand.

COMPLAINT FOR MONETARY DAMAGES – 8
18-cv-989

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 019 te251903

4.11   Defendant Lorenz's failure to remit trust fund assets is a breach of fiduciary duty under ERISA, and has damaged the Carpenters Trusts in an amount to be determined at trial, but not less than $3,139.50.

**Fourth Cause of Action**
**(Conversion)**

4.12   The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.12, above.

4.13   Defendant Lorenz withheld dues from Universal Building's employee paychecks pursuant to the terms of the Master Labor Agreement. However, Lorenz did not remit them to the Carpenters Trusts' administration office with the company's monthly reports.

4.14   Defendant Lorenz's actions were performed for and benefitted Universal Building, and give rise to a cause of action for conversion.

4.15   Defendant Lorenz's failure to remit employee dues deductions to the Carpenters Trusts' administration office has damaged the Carpenters Trusts in an amount to be determined at trial, but not less than $5,036.58.

**V.   REQUESTED RELIEF**

The Plaintiff Carpenters Trusts respectfully request the Court grant the following relief:

A.   Judgment in favor of the Carpenters Trusts against Universal Building, in an amount to be determined at trial, but not less than $53,009.69, representing past-due and delinquent fringe benefit contributions owed by defendant pursuant to the terms of the labor and trust agreements to which Universal Building is a party;

B.   Judgment in favor of the Carpenters Trusts against Universal Building, in an amount to be determined at trial, but not less than $5,792.20, representing

COMPLAINT FOR MONETARY DAMAGES – 9
18-cv-989

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 019 te251903

liquidated damages owed by defendant pursuant to the terms of the labor and trust agreements to which Universal Building is a party;

C. Judgment in favor of the Carpenters Trusts against Universal Building, in an amount to be determined at trial, representing accrued prejudgment interest owed by defendant pursuant to the terms of the labor and trust agreements to which Universal Building is a party;

D. Judgment against Brandon Lorenz individually, for joint and several liability with Universal Building for $8,176.08, representing $3,139.50 in employees' vacation pay and $5,036.58 in employees' union dues withheld from employee paychecks but not remitted to the Carpenters Trusts;

E. An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Universal Building is a party, and as authorized under ERISA;

F. An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

G. Any other such relief under federal law or as is just and equitable.

Dated: July 3, 2018.

/s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
McKENZIE ROTHWELL BARLOW
  & COUGHRAN, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for the Carpenters Trusts of Western Washington

COMPLAINT FOR MONETARY DAMAGES – 10
18-cv-989

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 019 te251903