# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSAL BUILDING SYSTEMS, LLC, <br><br> Defendant. | CASE NO. C18-0989JLR <br><br> ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT |

Before the court is Plaintiffs Carpenters Health and Security Trust of Western Washington, Carpenters Retirement Trust of Western Washington, Carpenters-Employers Vacation Trust of Western Washington, and Carpenters-Employers Apprenticeship and Training Trust of Western Washington's (collectively, "Plaintiffs") motion for default judgment against Defendant Universal Building Systems, LLC ("Universal Building"). (Mot. (Dkt. # 9).)

ORDER - 1

The Local Civil Rules provide that a party seeking default judgment must set forth "a concise explanation of how all amounts were calculated," and must support this explanation with evidence establishing the amount of the principal claim, as well as any interest and attorney's fees sought. *See* Local Rules W.D. Wash. LCR 55(b)(2). Local Rule 55 imposes a heavy evidentiary burden on a party seeking entry of default judgment because such relief is obtained without the benefit of the adversarial process. *See, e.g.*, *Vawter v. Quality Loan Serv. Corp. of Wash.*, C09-1585JLR, 2011 WL 13190117, at *2 (W.D. Wash. Mar. 7, 2011).

In reviewing Plaintiffs' motion and supporting materials, the court identified multiple errors. Plaintiffs' underlying claim is that Universal Building failed to make required benefit contributions. (*See* Mot. at 2-6.) According to Plaintiffs, any delinquent contributions are assessed a 12% liquidated damages fee, as well as interest rates of 7% simple per annum for the first 30 days of the delinquency and 12% simple per annum thereafter until payment in full is received. (*Id.* at 6-7.) Plaintiffs claim that some of Universal Building's contributions became delinquent on May 15, 2017. (*Id.* at 7; *see also* Coty Decl. (Dkt. # 10) ¶¶ 12-13, Ex. 10 ("Claim Summary").) Plaintiffs request interest fees that accrued until September 26, 2018. (*See generally* Claim Summary.) Put another way, Plaintiffs request interest fees for 499 days.

Plaintiffs provide the court with their interest rate calculations (*see id.*),[1] but some of the calculations appear to be inaccurate. For example, Plaintiffs claim that Universal

---

[1] Plaintiffs' interest rate calculation formula is as follows: (contributions) * (interest rate) / (365.25) * (number of days interest). (*See* Claims Summary at 154.)

Building owes $88.00 in delinquent funds to the Carpenters-Employers Vacation Trust of Western Washington. (*Id.* at 154.) Therefore, these funds were subject to a 7% simple per annum interest rate for the first 30 days of the delinquency, and a 12% simple per annum interest rate for the remaining 469 days. Plaintiffs correctly calculate the interest due on the first 30 days of delinquency as $0.51.[2] (*Id.*) However, for the remaining 469 days, Plaintiffs allege that Universal Building owes $113.15 in interest. (*Id.*) When using Plaintiffs' formula, this amount should be $13.56.[3] A similar miscalculation appears in a different Carpenters-Employers Vacation Trust of Western Washington fund. (*See id.* at 155.) Plaintiffs correctly calculate the interest due on the first 30 days of a $754.50 delinquent contribution as $4.34.[4] (*Id.*) However, Plaintiffs allege that the interest due for the additional 469 days of delinquency is $968.97. (*Id.*) When using Plaintiffs' formula, this amount should be $116.26.[5]

In addition, there is at least one error on Plaintiffs' request for attorneys' fees. (*See* Maxwell Decl. (Dkt. # 11) ¶ 9, Ex. 12 ("Attorneys' Fees").) On one entry, Plaintiffs request fees for 1.5 hours at a rate of $90.00 per hour. (*See id.* at 11.) However, Plaintiffs only request $90.00 for this entry, rather than $135.00.[6] (*Id.*)

//

---

[2] $88.00 * 0.07 / 365.25 * 30 = $0.51.

[3] $88.00 * 0.12 / 365.25 * 469 = $13.56.

[4] $754.50 * 0.07 / 365.25 * 30 = $4.34.

[5] $754.50 * 0.12 / 365.25 * 469 = $116.26.

[6] $90.00 * 1.5 = $135.00.

These errors undermine the court's confidence in the accuracy of Plaintiffs' submissions.  Accordingly, the court directs Plaintiffs to correct the errors or provide a detailed explanation as to why the identified deficiencies are not, in fact, errors.  The court also directs Plaintiffs to scrupulously review their entire submission for accuracy prior to refiling an amended motion for default judgment.

Based on the foregoing analysis, the court DENIES Plaintiffs' motion for default judgment (Dkt. # 9) without prejudice to refiling with the corrections discussed herein. The court ORDERS Plaintiffs to refile an amended motion for default judgment within fourteen (14) days of the date of this order.

Dated this 7th day of December, 2018.

JAMES L. ROBART
United States District Judge